IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 11, 2005 Session

## ALLSTATE INSURANCE COMPANY v. ARVEAL DRUMMER d/b/a TRIPPLITE

**Direct Appeal from the Circuit Court for Hardin County**
**No. 3851    C. Creed McGinley, Judge**

———————————

**No. W2005-00894-COA-R3-CV - Filed December 12, 2005**

———————————

Allstate brought this subrogation action to recover amounts it paid to its insured for damages to a computer and printer following a power surge against which a surge protector manufactured by TrippLite allegedly failed to protect. The trial court denied TrippLite's Rule 41.02 motion for involuntary dismissal and entered judgment for Allstate. TrippLite appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Darrell G. Townsend and Neil M. McIntire, Nashville, Tennessee, for the appellant, Arveal Drummer d/b/a TrippLite.

John R. Cheadle, Jr., Nashville, Tennessee, for the appellee, Allstate Insurance Company.

**OPINION**

This subrogation action was filed by Plaintiff Allstate Insurance Company ("Allstate") to recover amounts paid to its insured for damages to a computer and printer resulting from the alleged failure of a surge protector manufactured by Defendant Arveal Drummer, d/b/a TrippLite's ("TrippLite") predecessor in interest and covered by an express warranty.

Between June 25, 2001, and June 25, 2002, Allstate's insured, David Grimes (Mr. Grimes), purchased a surge protector manufactured by SL Waber, TrippLite's predecessor in interest. The surge protector came with a limited warranty as set forth in the SL Waber Power Protection Promise. TrippLite purchased SL Waber in September 2001. On June 25, 2002, lightning damaged Mr. Grimes' property. Lightning hit and split a large tree about 30 feet in front of Mr. Grimes' home, damaged his garage doors, and damaged several electrical outlets in the home. After the storm, his

computer and printer, which were plugged into the surge protector (which was plugged into a house outlet) and worked before the storm, did not work. Mr. Grimes filed a claim with Allstate, which paid $1,373.50 for damages to the computer and printer.

In August 2003, Allstate sought reimbursement from TrippLite, but did not send the surge protector to TrippLite for evaluation with its claim. TrippLite sent Allstate a claim form and requested the surge protector for evaluation. In September, Allstate sent TrippLite another letter and a "causation report." In December, CDC National, a subrogation service, sent TrippLite a letter demanding reimbursement for Mr. Grimes' claim. In June 2003, Allstate initiated a suit in general sessions court, alleging Mr. Grimes' property had been damaged by TrippLite's negligence.

TrippLite asserts that from August 2003 to January 2004, it attempted to get Allstate to complete a warranty claim rather than litigate the matter. It further asserts that in January 2004, Allstate provided TrippLite with the surge protector, but did not complete the claim form. A hearing in general sessions court was scheduled for June 1, 2004. TrippLite asserts that on May 28, Allstate faxed TrippLite a partially completed form but did not request a continuance or amend its complaint. Allstate asserts it completed the claim form. At the hearing, Allstate presented no evidence as to causation and the court dismissed the case.

Allstate appealed to the Circuit Court for Hardin County. On the morning of the hearing in circuit court on October 14, 2004, Allstate served its pretrial brief, indicating that it intended to proceed on a breach of warranty theory. At the hearing Mr. Grimes testified that he completed the TrippLite claim form about two or three months after the incident. The claim form faxed to TrippLite was dated April 16, 2004. Mr. Grimes also testified that at the time of the storm in June 2002, his computer and printer were plugged directly into the surge protector and that they worked before but not after the June 2002 storm. He further testified that the surge protector was plugged directly into the wall, and that there was no extension cord between the surge protector and the power outlet.

TrippLite moved for involuntary dismissal of Allstate's case at the close of Allstate's proof. TrippLite asserted that Allstate was asserting common-law and express warranty theories for the first time, and that Mr. Grimes had failed to follow the claim procedures under the express warranty. The trial court denied TrippLite's motion for involuntary dismissal, and TrippLite offered no proof. The trial court found that there had been a breach of warranty and awarded judgment to Allstate in the amount of $1,373.50. TrippLite now appeals to this Court.

### *Issues Presented*

TrippLite presents the following issues, as restated, for our review:

(1)     Whether the trial court erred by denying TrippLite's motion for involuntary dismissal.

(2)     Whether the trial court abused its discretion by failing to grant TrippLite's motion to alter or amend the judgment.

(3)     Whether the trial court abused its discretion by failing to grant TrippLite a new trial.

### *Standard of Review*

A motion for involuntary dismissal under rule 41.02(2) challenges the sufficiency of the plaintiff's proof. It does not raise questions of law. *Burton v. Warren Farmers Co-Op*, 129 S.W.3d 513, 520 (Tenn. Ct. App. 2002). Therefore, we review a trial court's disposition of a Rule 41.02(2) motion *de novo* on the record with a presumption of correctness. *Id.* at 51. Unless the evidence preponderates against the findings of the trial court, or unless the trial court has committed an error of law, we will affirm the trial court's determination. *Id.*

### *Analysis*

When a motion for involuntary dismissal pursuant to Rule 41.02(2) is made in a non-jury case at the close of plaintiff's proof, the trial judge must impartially weigh and evaluate the evidence in the same manner as though he were making findings of fact at the conclusion of all of the evidence for both parties, determine the facts of the case, apply the law to those facts, and, if the plaintiff's case has not been made out by a preponderance of the evidence, a judgment may be rendered against the plaintiff on the merits, or, the trial judge, in his discretion, may decline to render judgment until the close of all the evidence. The action should be dismissed if, on the facts found and the applicable law, the plaintiff has shown no right to relief. *Bradford v. City of Clarksville*, 885 S.W.2d 78, 80 (Tenn. Ct. App. 1994).

In its brief to this Court, TrippLite asserts there was no evidence establishing that a defect in the surge protector actually caused the damage to Mr. Grimes computer and printer or that the language of its express warranty had been followed. However, upon review of the entire record, including the transcript of the hearing in circuit court and Plaintiff's answers to Defendant's TrippLite's interrogatories, we cannot say the evidence preponderates against the factual determinations of the trial court that the surge protector failed to protect as warranted against an undisputed power surge.

Likewise, we cannot say the trial court abused its discretion by denying TrippLite's motions to alter or amend the judgment or for a new trial. TrippLite asserts that it had no notice that Allstate would proceed on a breach of warranty theory until the day of the hearing in circuit court, and that Allstate's "last-minute maneuvering surprised TrippLite and prevented the case from being tried truly on its merits." However, TrippLite also asserts that it "suggested" to Allstate that the action be pursued on a breach of warranty claim. Moreover, we note that the question of the warranty was an integral element throughout the course of this litigation, and that TrippLite did not move for a continuance at the October hearing in circuit court. This argument is without merit.

*Holding*

In light of the foregoing, we affirm the judgment of the trial court. Costs of this appeal are taxed to the Appellant, Arveal Drummer d/b/a TrippLite, and to his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE